46 CCPA

**APPLICATION of Otto H. LIND.**
**No. 6428.**

United States Court of Customs and Patent Appeals.
March 16, 1959.

Des Jardins, Robinson, Tritle & Schenk, Cincinnati, Ohio (Edward M. Tritle, Cincinnati, Ohio, William Estabrook, Washington, D. C., Albert F. Robinson, Cincinnati, Ohio, Watts T. Estabrook, and Estabrook & Estabrook, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., (D. Kreider, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired) Associate Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 12 and 13 of appellant's application serial No. 408,-199, filed February 4, 1954, entitled "Cable Holding Clip." The claims in issue are:

"12. A cable holding clip comprising a stem having a main anchoring shank portion and a hammer driven head disposed in straight line continuity without any transverse weakening deformation, opposite flanged marginal edges formed on the stem and extending substantially throughout its length, and a cable engaging portion bent out from around said hammer driven head which is formed from a cut-out in said cable engaging portion between parts integrally connecting said bent-out cable engaging portion with the opposite sides of said stem.

"13. The cable holding clip of claim 12 having a grooved reinforcing head formed in each of the parts connecting said cable engaging portion with the stem, said beads being formed adjacent to the flanged marginal edges of the stem."

The invention relates to the structure of a device adapted to be hammer driven into supporting material such as wood and provides a means for anchoring cable or pipe thereto. The references relied on are:

| | | |
|---|---|---|
| Duffy | 727,111 | May 5, 1903 |
| Bigwood et al. (British) | 23,144 | Oct. 6, 1911 |

Duffy discloses a railway spike formed from sheet steel in which the driven shank is bent to have a U-shaped cross-section, thus meeting appellant's claim limitation of "opposite flanged marginal edges formed on the stem and extending substantially throughout its length." Appellant has raised no question as to the applicability of Duffy, so we shall not consider this reference further.

The Bigwood et al. British patent discloses a clip to be used for the same purpose as appellant's. Figures 1, 2, and 3 of this reference show a clip with a pointed spike portion and a hook portion secured thereto near the top. The spike portion extends past the hook portion, providing a convenient means for driving the clip into the appropriate surface with a hammer.

Appellant contends that Bigwood et al. is not anticipatory of claim 12 because the stem of Bigwood et al. is weakened at the juncture of the hook portion due to a transverse interruption. The board disagreed with this contention, holding there is no weakened portion in Bigwood et al.

Figure 1 of Bigwood et al. does appear to show an interruption at this point on the stem. However, an examination of Figures 2 and 3 raises doubt as to the correctness of the portrayal of the interruption in Figure 1. It appears to us there was a small draftsman's error. Appellant further argues that since Bigwood et al. is ambiguous, it cannot properly be used as a reference at all. We do not agree. While the disclosure of a reference must be clear to "anticipate," the question of obviousness in view of what is clearly disclosed still remains for consideration. We find that appellant has disclosed nothing which is unobvious in view of Bigwood et al. even if a "transverse weakened deformation" is shown. A worker of ordinary skill in this art would recognize that an interruption in the reinforcing configuration of the stem of the Bigwood et al. clip would weaken it and he would eliminate it, if it existed, as a matter of course to overcome such an obvious defect. However, we are not prone to believe that Bigwood et al. were oblivious to such simple design fundamentals and we agree with the board that, on the whole disclosure, the asserted weakened deformation is nonexistent.

The only other issue presented by appellant is whether or not Bigwood et al. disclose a "grooved reenforcing bead formed in each of the parts connecting said cable engaging portion with the stem, said beads being formed adjacent to the flanged marginal edges of the stem," thereby anticipating claim 13. Appellant's application applies the term "bead" to a flange-like portion connecting the stem with the cable-receiving hook, and the term "groove" refers to the portion located between the "bead" and the stem, apparently constituting the basis for the phrase "grooved reinforcing bead." Figure 3 of Bigwood et al. shows a metal flange extending between the stem and the hook and a groove formed at the line of junction between the stem and flange caused by bending of the metal. We hold that this portion of Bigwood et al. can properly be described as a "grooved reinforcing bead" and agree with the board that it fully anticipates the subject matter of claim 13.

The decision of the Board of Appeals is affirmed.

Affirmed.